UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

John M. Floyd & Associates, Inc.,

    Plaintiff,

vs.                                                       Case No. 3:09-cv-168-J-MCR

First Florida Credit Union,

    Defendant.

_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Second Amended Complaint (Doc. 27) filed August 28, 2009. Plaintiff filed a response in opposition to this Motion (Doc. 45) on April 20, 2010. Accordingly, the matter is now ripe for judicial review.

## **I. INTRODUCTION**

Plaintiff filed a Complaint in this Court on February 24, 2009 against the Defendant, First Florida Credit Union, alleging breach of contract. (Doc. 1). Plaintiff filed an Amended Complaint on April 30, 2009, to which Defendant responded by filing a Motion to Dismiss (Doc. 11). Plaintiff then filed a Second Amended Complaint (Doc. 24) on August 7, 2009 in which Plaintiff alleged damages in the amount of $199,146.67 as a result of Defendant's breach of contract.

On August 28, 2009, Defendant filed the instant motion seeking to have the Second Amended Complaint dismissed for failure to state a claim. Plaintiff did not file a response to this Motion. At the time, the case was pending before Judge Adams. Prior

-1-

to ruling on the instant Motion, Judge Adams recused himself from the case and it was then reassigned to Judge Howard. On February 5, 2010, Judge Howard directed Plaintiff to file a statement providing sufficient information so that the Court could ascertain whether it had jurisdiction over the matter. (Doc. 30). The Court deferred ruling on Defendant's Motion to Dismiss until it was able to resolve the question of jurisdiction. On March 10, 2010, Plaintiff filed its response to Judge Howard's Order regarding jurisdiction. Thereafter, the Court gave the parties until April 8, 2010 in which to file a consent form if they elected to proceed before a Magistrate Judge. (Doc. 37). On April 7, 2010, the parties filed the consent form and the case was reassigned to the undersigned.

On April 13, 2010, the undersigned entered an Order finding jurisdiction was proper and giving Plaintiff a final opportunity to file a response to the instant motion. Plaintiff filed its response (Doc. 45) on April 20, 2010 and that same day, the Court directed Defendant to file a reply brief. Defendant filed its reply brief on April 28, 2010.

In the instant motion, Defendant moves to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Second Amended Complaint fails to state a claim.

## II. **BACKGROUND FACTS**

Taking the facts in the Second Amended Complaint as true, the following is a brief factual background for this case. Back in December 2005, Plaintiff and Defendant entered into an Agreement regarding the installation and operation of Plaintiff's Overdraft Privilege Program for Defendant's benefit (the "Agreement"). A copy of the Agreement is attached to the Second Amended Complaint and indicates Defendant

agreed to provide tracking information to Plaintiff showing its non-interest income for a period of twenty-four months beginning ninety days after the installation of the Overdraft Privilege Program. In addition, Defendant agreed to pay Plaintiff fourteen percent (14%) of the increased non-interest income for the twenty-four month period. According to Plaintiff, the payments began in June 2006 and were to continue for a twenty-four month period.

In arguing that Defendant breached the Agreement, Plaintiff points to a provision under the "Confidentiality" heading which provides:

> If any recommendations or materials or software are shared or adopted either in their original or modified form by other member institutions, companies or affiliated financial institutions of [Defendant] or its holding company, or if [Defendant] either acquires or is acquired by another financial institution, then [Defendant] agrees to compensate [Plaintiff] on the same terms as stated in this proposal agreement.

(Doc. 24, Ex. 1). In January 2007, Defendant merged with another credit union, Seaboard Credit Union, with Defendant being the surviving financial institution. According to Plaintiff, as a result of this merger/acquisition, the above provision "extended the term of the Agreement as contemplated by the parties by including this language." (Doc. 24, ¶6). Plaintiff claims a new base was created from the merged institutions in May 2007 and tracking information and fees for this merged institution were provided to Plaintiff beginning in July 2007. Therefore, Plaintiff argues, the tracking information and fees should have continued for twenty-four months as provided in the Agreement, or until July 2009. However, Defendant ceased reporting and paying fees to Plaintiff after August 2008 and therefore, breached the contract. As a result,

Plaintiff claims it has suffered damages in the amount of $199,146.67 representing ten (10) months of tracking and fees.

## III.  ANALYSIS

Defendant seeks to dismiss the Second Amended Complaint in its entirety claiming it fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007).  Moreover, the Court must limit its consideration to the complaint and the written instruments attached to it as exhibits.  Rule 12(d), Fed.R.Civ.P.; GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).  The Rule 8 pleading standards have been refined by the Supreme Court and although it remains the case that in deciding a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must be accepted as true, the standard for dismissing claims in federal court no longer dictates that a complaint be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief," as set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).  Now, to withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  To determine whether a plaintiff has accomplished this, the Court engages in a two-step

approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

The elements of an action for breach of contract under Florida law are: (1) the existence of a valid contract; (2) a breach of the contract; and (3) damages resulting from the breach. Hayes v. Marriott Ownership Resorts, Inc., No. 6:08-cv-180-Orl-19KRS, 2008 WL 2783365, *3 (M.D. Fla. July 17, 2008) (citing Friedman v. New York Life Ins. Co., 985 So.2d 56, 58 (Fla. 4th DCA 2008)). Here, the Second Amended Complaint properly alleges each of these elements. Defendant takes issue with the second element: whether there was a breach of the Agreement. Defendant argues the clear language of the Agreement required Defendant to report and pay the required fees for a period of twenty-four months beginning in June 2006. According to the Second Amended Complaint, Defendant ceased making payments in August 2008, a period of twenty-seven months. As such, Defendant takes the position that it fully performed under the Agreement and no breach occurred.

Plaintiff responds that when Defendant acquired Seaboard Credit Union, pursuant to the provision in the Confidentiality paragraph, a new base was created, tracking began, and fees were paid to Plaintiff for this new entity starting in July 2007. Therefore, according to Plaintiff, the tracking and fee payments should have continued for twenty-four months, or until July 2009. Defendant rejects Plaintiff's interpretation of the Confidentiality provision and argues it does not call for an automatic renewal of the Agreement. The entire Confidentiality provision in the Agreement reads as follows:

> The contents of this proposal should be treated as
> confidential material between [Plaintiff] and [Defendant]. We
> agree that neither [Plaintiff] nor any of our employees or
> contractors will use or disclose any data about [Defendant]
> as a result of this consulting engagement that is not
> published call report information, without prior written
> consent from [Defendant]. We understand that we may use
> the data in our database as long as there is no reference to
> [Defendant]. [Defendant] agrees that they will not share any
> recommendations or materials from this study with anyone
> not affiliated with [Defendant]. If any recommendations or
> materials or software are shared or adopted either in their
> original or modified form by other member institutions,
> companies or affiliated financial institutions of [Defendant] or
> its holding company, or if [Defendant] either acquires or is
> acquired by another financial institution, then [Defendant]
> agrees to compensate [Plaintiff] on the same terms as stated
> in this proposal agreement. This provision shall survive the
> termination of this agreement.

(Doc. 24, Ex. 1).

Defendant takes the position that this provision is unambiguous and simply provides that upon a merger or acquisition, the Agreement will continue as if nothing happened. Plaintiff's position is that upon merger or acquisition, the Agreement would be renewed for an additional twenty-four months because a new base would be created and thereafter, the new entity would be bound by the original payment term of the Agreement, twenty-four months.

While the Court finds Defendant's position persuasive, it cannot say Plaintiff has failed to "nudge[] [its] claims across the line from conceivable to plausible," and as such, dismissal is not appropriate at this stage of the proceedings. Twombly, 550 U.S. at 570, 127 S.Ct. at 1974. Plaintiff's interpretation of the Confidentiality provision is certainly plausible. Indeed, Plaintiff's interpretation is bolstered by the fact that while Defendant

argues the Agreement contemplated a definite period of time, twenty-four months, it appears Defendant made payments to Plaintiff for a period of twenty-seven months. This cuts against Defendant's claim that the Agreement was clearly only for a twenty-four month period and leads the Court to believe it will need to examine the intent of the parties in order to make a determination regarding breach of the Agreement.

Moreover, to determine whether there was a breach of the Agreement, the Court will need to interpret the Confidentiality provision of the Agreement. "The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim." Ben-Yishay, M.D. v. Mastercraft Development, LLC, 553 F.Supp.2d 1360, 1373 (S.D. Fla. 2008). Instead, this sort of interpretation is better suited to a motion for summary judgment. Id. (citing Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F.Supp.2d 1315, 1323 (M.D. Fla. 2002)). A motion to dismiss simply tests the sufficiency of the complaint and "does not decide the merits of the case." Id.

Accordingly, after due consideration, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Second Amended Complaint (Doc. 27) is **DENIED**.

2. Defendant shall file an answer to Plaintiff's Second Amended Complaint no later than **May 19, 2010**. In a separate Order, the Court will schedule a telephonic status conference with the parties to determine new case management dates.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of May, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record