UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN M. FLOYD & ASSOCIATES, INC.,

       Plaintiff,

vs.                                 Case No.  3:09-cv-168-J-MCR

FIRST FLORIDA CREDIT UNION,

       Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Award of Attorneys' Fees and Costs (Doc. 103).

## I.    BACKGROUND

Plaintiff, John M. Floyd & Associates, Inc., filed a Complaint on February 24, 2009 against Defendant, First Florida Credit Union, alleging breach of contract. (Doc. 1).  Plaintiff filed an Amended Complaint on April 30, 2009, to which Defendant responded by filing a Motion to Dismiss (Doc. 11).  Plaintiff then filed a Second Amended Complaint (Doc. 24) on August 7, 2009.  On August 28, 2009, Defendant filed another motion seeking to have the Second Amended Complaint dismissed for failure to state a claim.  (Doc. 27).  On May 5, 2010, the Court denied the Motion to Dismiss on the basis that in order to resolve it, the Court would be required to interpret the Confidentiality provision of the Agreement and such interpretation was better suited to a motion for summary judgment.  (Doc. 48, p. 7).  Thereafter, on January 3, 2011,

Defendant filed a Motion asking the Court to grant summary judgment in its favor on Plaintiff's breach of contract claim.  (Doc. 67).

On March 14, 2011, this Court granted Defendant's Motion for Summary Judgment and directed the Clerk to close the file.[1]  (Doc. 95).  On October 14, 2011, Defendant filed the instant Motion for Award of Attorneys' Fees and Costs.  (Doc. 103).  Plaintiff filed a response in opposition to this motion on December 9, 2011.  (Doc. 108).  Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

Defendant requests $21,630.00 in attorneys' fees and $2,477.91 in costs pursuant to the written contact at issue in this matter.[2]  (Doc. 103).  However, neither amount is supported by any requisite information.[3]

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees.  See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The "starting point" in this analysis requires the Court "to multiply hours reasonably expended by a reasonable hourly rate."  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  Once the Court calculates this amount - the "lodestar" - it must consider whether any adjustments are warranted based on the results obtained by counsel.  See id. at 1302.

---

[1]This decision was affirmed on appeal.  See (Doc. 104).

[2]The contract is attached to Plaintiff's Second Amended Complaint. See (Doc. 24, pp. 4-13).

[3]Indeed, Defendant has failed to provide affidavits, billing ledgers, or any such information attesting to the amount of attorneys' fees and costs sought.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  The party seeking fees must provide "specific and detailed evidence from which the court can determine the reasonable hourly rate."  Id. at 1303.  Here, no such information has been provided.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion for Award of Attorneys' Fees and Costs (Doc. 103) is **DENIED without prejudice**.  Defendant may re-file its Motion containing the requisite information.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __12th__ day of December, 2011.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record