UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN M. FLOYD & ASSOCIATES, INC.,

    Plaintiff,

vs.                                             Case No.  3:09-cv-168-J-MCR

FIRST FLORIDA CREDIT UNION,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Amended Motion for Award of Attorneys' Fees and Costs (Doc. 110) filed December 30, 2011.

**I.    BACKGROUND**

Plaintiff, John M. Floyd & Associates, Inc., filed a Complaint on February 24, 2009 against Defendant, First Florida Credit Union, alleging breach of contract. (Doc. 1). Plaintiff filed an Amended Complaint on April 30, 2009 (Doc. 9), to which Defendant responded by filing a Motion to Dismiss (Doc. 11). Plaintiff then filed a Second Amended Complaint (Doc. 24) on August 7, 2009. On August 28, 2009, Defendant filed another motion seeking to have the Second Amended Complaint dismissed for failure to state a claim. (Doc. 27). On May 5, 2010, the Court denied the Motion to Dismiss because in order to resolve it, the Court would be required to interpret the Confidentiality provision of the Agreement and such interpretation was better suited to a motion for summary judgment. (Doc. 48, p. 7). Thereafter, on January 3, 2011,

Defendant filed a Motion asking the Court to grant summary judgment in its favor on Plaintiff's breach of contract claim. (Doc. 67).

On March 14, 2011, this Court granted Defendant's Motion for Summary Judgment and directed the Clerk to close the file.[1] (Doc. 95). On October 14, 2011, Defendant filed a Motion for Award of Attorneys' Fees and Costs (Doc. 103), which was denied without prejudice for failure to provide the requisite information (Doc. 109). On December 30, 2011, Defendant filed the instant Amended Motion for Award of Attorneys' Fees and Costs. (Doc. 110). On January 13, 2012, upon order of this Court (Doc. 113), Plaintiff filed its response in opposition to Defendant's Motion (Doc. 114). Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

Defendant claims it is entitled to an award of attorneys' fees and costs as the prevailing party in this suit. (Doc. 110, p. 2). The Eleventh Circuit defines "prevailing party" as follows: "[t]o be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) ..." Stein v. Paradigm Mirasol, LLC, 2009 WL 32887, at *2 n.3 (M.D. Fla. Jan. 6, 2009) (citing Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)). Thus, because judgment was rendered in favor of Defendant (Docs. 95, 104), it is the prevailing party in this matter for purposes of Federal Rule of Civil Procedure 54(d). As the prevailing party, Defendant is entitled to recover its attorneys' fees and costs

---

[1] This decision was affirmed on appeal. See (Doc. 104).

pursuant to the provisions of the written contract at issue in this matter.  See (Doc. 24, p. 12).

### A.    Attorneys' Fees

Now that the Court has determined that Defendant is entitled to an award of attorneys' fees, it will apply the lodestar method to determine the reasonableness of fees sought.  See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The "starting point" in this analysis requires the Court "to multiply hours reasonably expended by a reasonable hourly rate."  Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299. Next, the court will assess the number of hours expended by the moving party.  Baby Buddies, Inc. v. Toys "R" Us, Inc., 2011 WL 4382450, at *9 (M.D. Fla. Aug. 9, 2011). The moving party must "exclude those hours which would be unreasonable to bill a client," and in its review of the number of hours expended, the court should "exclude excessive, unnecessary and redundant hours."  Id.

Here, Defendant and its counsel agreed to the following hourly rates for the work completed by each attorney:

| | | |
|---|---|---|
| (a) | James E. Sorenson | $200.00/hour |
| (b) | Jack E. Kiker, III | $200.00/hour |
| (c) | Brain C. Bohm | $175.00/hour |

With regard to the experience of these attorneys, Mr. Sorenson has been practicing law in Florida since 1996, Mr. Kiker has been practicing law in Florida since 2005, and Mr.

Bohm started practicing law in Florida in 2011. The Court has reviewed the affidavits attached to the instant Motion regarding the prevailing market rates for attorneys with comparable skill, experience, and knowledge that practice in the Jacksonville area and finds they support the reasonableness of the hours rates charged here. See (Doc. 110, Ex. A, B, D).

With regard to the number of hours expended, the amount of attorneys' fees sought by Defendant is as follows:

>     (a)   James E. Sorenson ($200.00 X 2.6 hours)       $     520.00
>     (b)   Jack E. Kiker, III ($200.00 X 107.2 hours)    $21,440.00[2]
>     (c)   Brian C. Bohm ($175.00 X 4.0 hours)           $     700.00
>                                           Total:        $22,660.00

The Court has reviewed the Billing Ledger attached to the instant Motion, and finds the hours expended to be reasonable and not excessive, with a few exceptions. See (Doc. 110, Ex. C).

First, while the Court finds that reasonable travel time is compensable at the usual hourly rate, Mallory v. Harkness, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996), aff'd, 109 F.3d 771 (11th Cir. 1997), all of Defendant's counsel's travel time is not recoverable. Between December 12, 2010 and February 11, 2010, Mr. Kiker claims a total of 15 hours, at a cost of $3,000.00, for travel between Tallahassee and Jacksonville on three occasions. This time spent did not require any legal skill or

---

[2]On February 11, 2011, Mr. Kiker spent 4.0 hours, at a cost of $800.00, preparing for and participating in a mediation. Plaintiff argues that this time should be excluded from Defendant's attorneys fees because it is not "time spent defending this litigation." (Doc. 114, p. 2). The Court disagrees. Although the costs of mediation are not recoverable, attorney time for representation during mediation is recoverable.

experience. Additionally, this high expense was only incurred because Defendant chose a law firm located in Tallahassee when this matter was filed in Jacksonville.[3] While Defendant is free to choose the representative of its choice, the fact that such a representative needs a full day of travel time in order to attend discovery events and mediation is not necessarily taxable to Plaintiff and should be reduced. See Bookman v. Comm'r of Soc. Sec., 2011 U.S. Dist. LEXIS 147177 (M.D. Fla. Nov. 2, 2011) (reducing excessive travel time); Dillard v. City of Foley, 995 F. Supp. 1358, 1370-71 (M.D. Ala. 1998) (reducing but not denying travel time where case could have been litigated by able local counsel). Thus, the Court finds 5 hours to be reasonable for counsel's travel to three events, reducing Mr. Kiker's attorneys' fees claim by $2,000.00.

Second, the Billing Ledger indicates that Mr. Bohm spent 4 hours at a cost of $700.00 researching and drafting certain pleadings. See (Doc. 110, Ex. C, p. 8). On November 2, 2011, Mr Bohm's entry indicates that he drafted a "Motion for Attorney's Fees at Eleventh Circuit and and (sic) requisite attachments." (Id.). However, no such motion was ever filed here. In fact, Defendant filed a Motion for Attorneys' Fees and Costs on October 14, 2011 (Doc. 103), which was denied without prejudice on December 12, 2011 (Doc. 109). Therefore, as the entry indicates, the motion was likely directed to the Eleventh Circuit. Additionally, on November 10, 2011 and November 14, 2011, Mr. Bohm's time entries indicate that he drafted a "Motion for Extension of Time to File for Award of Attorney's Fees," composed e-mails regarding this motion, and

---

[3]Plaintiff does not maintain any business operation in Jacksonville. However, Jacksonville was the proper venue because the primary base of operation for Defendant was in Jacksonville. Defendant did not raise any objection to this venue.

conducted research regarding its sufficiency. (Id.). Again, this motion was never filed in this case. As a motion for extension would be both unnecessary and extraneous in light of the Motion for Attorneys Fees and Costs filed on October 14, 2011 (Doc. 103), Mr. Bohm's fees are not recoverable.

Accordingly, the Court finds Defendant is entitled to an award of attorneys' fees in the amount of $19,960.00 ($22,660.00 - $2,000.00 - $700.00).

**B.   Costs**

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to award costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987). Moreover, "in the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). However, in exercising its discretion, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co., 482 U.S. 437, 445, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987).

28 U.S.C. § 1920, provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;

  (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3)  Fees and disbursements for printing and witnesses;
  (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
  (5)  Docket fees under section 1923 of this title;
  (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Defendant is seeking costs in the amount of $2,477.91, which includes travel costs ($154.27), Federal Express costs ($59.44), and mediation costs ($735.00). (Doc. 110, Ex. E, F). These fees are not enumerated within 28 U.S.C. § 1920 and Defendant has cited no legal authority to warrant taxing Plaintiffs with these expenses. See George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000) (refusing to tax certain costs when prevailing party cited no legal authority to justify such an expense); see also Cook Children's Med. Ctr. v. New Eng. PPO Plan of Gen. Consol. Mgmt., 491 F.3d 266, 2007 WL 1842117, at *7-9 (5th Cir. 2007) (holding that district court abused its discretion by awarding mediation costs as part of Rule 54(d) and § 1920 costs); Roy v. Bd. of County Comm'rs, 2011 U.S. Dist. LEXIS 119260 (N.D. Fla. Sept. 27, 2011) (holding that travel expenses are not recoverable); Park v. Am. Servs. of Cent. Fla., Inc., 2007 U.S. Dist. LEXIS 40849, 2007 WL 1626349, *6 (M.D. Fla., June 05, 2007) (holding that postage costs are not recoverable). Thus, Defendant's Bill of Costs shall be reduced by $948.71, totaling $1,529.20 ($2,477.91 - $948.71).

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Amended Motion for Award of Attorneys' Fees and Costs (Doc. 110) is **GRANTED in part** and an award of attorneys' fees and costs in the sum of $21,489.20 shall be entered in favor of Defendant, First Florida Credit Union, and against Plaintiff, John M. Floyd & Associates, Inc.

2. The Clerk shall enter a separate judgment accordingly and close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of January, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record